1
2
3
4
5
6
7
8                     United States District Court
9                    Eastern District of California
10
11
12  Carl Lee Callegari,
13          Petitioner,              No. Civ. S 99-1686 MCE PAN P
14      vs.                          Findings and Recommendations
15  Anthony Lamarque, Warden,
16          Respondent.
17                              -oOo-
18      August 30, 1999, petitioner filed a petition for a writ of
19  habeas corpus claiming the trial court's reasonable doubt
20  instruction diluted the state's burden of proof.  October 7,
21  1999, a different magistrate judge appointed counsel.  April 25,
22  2000, respondent answered the petition.
23      October 14, 2003, petitioner moved to amend his petition
24  to add a claim his sentence violates the Eighth Amendment.
25  September 2, 2004, I found the new claim time-barred but found
26  that pursuant to Ninth Circuit precedent, the claim related

back to the date of the original petition and granted the request.  See Felix v. Mayle, 379 F.3d 612 (9th Cir. 2004).

September 7, 2004, respondent requested this action be stayed pending the United States Supreme Court's decision in Mayle v. Felix, 73 USLW 3286 (Oct. 25, 2004)(No. 04-563). October 12, 2004, petitioner filed a first-amended petition.

November 22, 2004, the court stayed this action and directed petitioner to notify the court when the Supreme Court resolved Mayle v. Felix.

September 20, 2005, petitioner notified this court that the Supreme Court decided Felix.

In Felix, the Supreme Court held that an amended habeas petition does not relate back to the original when it "asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth." Felix, 125 S.Ct. at 2566.

In this case, the core facts of the initial petition relate to how the judge instructed the jury on the state's burden of proof.  The core facts of the new claim relate to the length of petitioner's sentence.  The claims have no factual allegations in common and so are not "tied to a common core of operative facts." Felix, 125 S.Ct. at 2574.  Therefore, petitioner's Eighth Amendment challenge to his sentence does not relate back to the date of the original petition.

For these reasons, I hereby vacate the November 22, 2004, stay, vacate the September 2, 2004, order granting leave to file

2

1 | a first-amended complaint and recommend that petitioner's October
2 | 14, 2003, motion be denied and that this matter proceed on
3 | petitioner's August 30, 1999, petition.
4 |     Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
5 | findings and recommendations are submitted to the United States
6 | District Judge assigned to this case.  Written objections may be
7 | filed within 20 days of service of these findings and
8 | recommendations.  The document should be captioned "Objections to
9 | Magistrate Judge's Findings and Recommendations."  The district
10 | judge may accept, reject, or modify these findings and
11 | recommendations in whole or in part.
12 |     Dated:  November 29, 2005.

                                /s/ Peter A. Nowinski
                                PETER A. NOWINSKI
                                Magistrate Judge