United States District Court

Eastern District of California

Carl Lee Callegari,

      Petitioner,　　　　　　　　No. Civ. S 99-1686 MCE PAN P

  vs.　　　　　　　　　　　　　Findings and Recommendations

Anthony Lamarque, Warden,

      Respondent.

-oOo-

    Petitioner is a prisoner, with counsel, seeking a writ of habeas corpus. See 28 U.S.C. § 2254. Respondent has answered the August 30, 1999, petition.

    September 25, 1996, petitioner was convicted of possessing a controlled substance and, pursuant to California's three-strikes law, was sentenced to 25 years to life in prison. See Cal. Health and Safety Code § 11350(a); Cal. Pen. Code §§ 667(d), 1170.12(b).

    Petitioner appealed and the judgment was affirmed June 18,

1  1998.

2     Petitioner filed a petition for review in the California

3 Supreme Court.  That court denied review August 26, 1998.

4     Petitioner did not seek habeas relief in the state court.

5     The following facts are from the appellate court's decision:

> Stockton police officers were on patrol at 1 a.m. when they saw a group of 20 to 30 people standing on the corner of a street intersection.  One of the officers saw defendant walk away from the group and drop two baggies from his hand.  The officer got out of his car and yelled at defendant to stop.  Defendant ran and appeared to put something in his mouth.
>
> The officer caught defendant and put his hand on defendant's throat to prevent him from swallowing the object in his mouth.  A rock of cocaine base then fell out of defendant's mouth.  As defendant was being handcuffed, he stepped on and crushed the rock that had fallen out of his mouth.  The two baggies dropped by defendant contained about twenty-eight to thirty rocks of cocaine base.  The portion of the crushed rock that officers were able to recover weighed .01 grams.  One of the baggies weighed 1.51 grams.  The other one weighed 2.35 grams.

16     This court cannot grant habeas relief unless the state court's adjudication resulted in a decision that was contrary to or an unreasonable application of federal law as clearly established by the United States Supreme Court or in a decision that was based on an unreasonable determination of the facts in light of the evidence.  28 U.S.C. § 2254(d)(1), (2).

22     When a petitioner challenges a state court's legal determinations, the court must determine whether the state court's adjudication of the merits resulted in a decision that is contrary to or an unreasonable application of clearly established federal law.  28 U.S.C. § 2254(d)(1).  A decision is contrary to

2

clearly established federal law if the state court applies incorrect legal authority, or if it applies correct authority to a case involving facts materially indistinguishable from those in a controlling case, but nonetheless reaches a different result. Williams v. Taylor, 529 U.S. 362, 413-14 (2000). A decision involves an unreasonable application of federal law if the state court identifies the correct governing legal principle but applies it to the facts of the prisoner's case in a manner that is "objectively unreasonable." Lockyer v. Andrade, 538 U.S. 63 (2003). "Clearly established federal law" is defined as the holdings of the United States Supreme Court existing when the state court issued its decision. Williams, 529 U.S. at 412. Circuit law is "persuasive authority" for purposes of determining whether a state court decision is an unreasonable application of Supreme Court law. Clark v. Murphy, 331 F.3d 1062 (9th Cir. 2003); Duhaime v. Ducharme, 200 F.3d 597, 600-01 (9th Cir. 1999).

    Petitioner claims the reasonable doubt instruction to his jury, CALJIC No. 2.90 (1994 revision), diluted the state's burden of proof. It is undisputed the trial judge gave the challenged instruction. The appellate court, citing authority that mirrors federal precedent, People v. Freeman, 8 Cal.4th 450, 504 (Cal. 1994); People v. Light, 44 Cal.App.4th 879, 889 (Cal. App. 1996); People v. Torres, 43 Cal.App.4th 1073, 1078 (Cal. App. 1996), determined, "the 1994 revision of CALJIC No. 2.90 is constitutional."

    The Fourteenth Amendment requires the prosecution to prove a

1 criminal defendant's guilt beyond a reasonable doubt.  <u>In re</u>
2 <u>Winship</u>, 397 U.S. 358 (1970).  The Sixth Amendment requires the
3 jury to find the evidence satisfies this standard.  <u>Sullivan v.</u>
4 <u>Luisiana</u>, 508 U.S. 275, 278 (1993).  The court must instruct the
5 jury on the prosecution's burden but the Constitution does not
6 require any particular language.  <u>Victor v. Nebraska</u>, 511 U.S. 3
7 (1994).  An instruction defining the standard as "an abiding
8 conviction" correctly instructs the jury.  <u>Id.</u> at 14-15.  The
9 question is whether there is a reasonable likelihood the jury
10 understood the instructions to allow conviction based on proof
11 insufficient to satisfy <u>Winship</u>.  <u>Victor</u>, 511 U.S. at 6.

12     The challenged instruction reads:

> Reasonable doubt is defined as follows: It is not a mere possible doubt, because everything relating to human affairs is open to some possible or imaginary doubt.  It is that state of the case which after the entire comparison and consideration of all the evidence leaves the minds of the jurors in that condition that they cannot say they feel an abiding conviction of the truth of the charge.

18 CALJIC 2.90 (1994 revision).

19     This instruction satisfies <u>Victor</u>.  Accordingly, the
20 appellate court's adjudication of the claim did not result in a
21 decision that was contrary to or an unreasonable application of
22 clearly established federal law.

23     Therefore, I hereby recommend the petition be denied.

24     Pursuant to the provisions of 28 U.S.C. § 636(b)(1), these
25 findings and recommendations are submitted to the United States
26 District Judge assigned to this case.  Written objections may be

1  filed within 20 days of service of these findings and
2  recommendations.  The document should be captioned "Objections to
3  Magistrate Judge's Fndings and Recommendations."  The district
4  judge may accept, reject, or modify these findings and
5  recommendations in whole or in part.
6       Dated:  January 24, 2006.

                                    /s/ Peter A. Nowinski
                                    PETER A. NOWINSKI
                                    Magistrate Judge